UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>       Plaintiff,<br><br>    v.<br><br>WILLIAM F. ANDERSON, JENNIFER B. ANDERSON,<br><br>       Defendants.<br>_____/ | Case No. 1: 15-cv-00825-LJO-BAM<br><br>**FINDINGS AND RECOMMENDATIONS TO REMAND *SUA SPONTE* THIS CASE TO TULARE COUNTY SUPERIOR COURT, VISALIA DIVISION**<br><br>**ORDER GRANTING IFP APPLICATION** |

Defendant William F. Anderson ("Defendant"), proceeding pro se, filed this removal action on June 1, 2015. (Doc. 1.) The underlying complaint is an unlawful detainer action filed by Plaintiff Federal National Mortgage Association. (Doc. 1.) For the reasons stated below, the Court lacks subject matter jurisdiction over this unlawful detainer action, and therefore recommends this case be remanded to the Tulare County Superior Court, Visalia Division.

**DISCUSSION**

A.  **IFP Request**

Defendant, appearing pro se, filed an application to proceed in forma pauperis on June 1, 2015. (Doc. 2). A review of Defendant's application reveals that he has made the requisite showing under 28 U.S.C. § 1915(a) and is entitled to proceed in forma pauperis. Accordingly, his application to proceed in forma pauperis is GRANTED.

**B.     Legal Standard**

28 U.S.C. § 1441(a) empowers a defendant to remove an action to federal court if the district court has original jurisdiction. *Catepillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). The removal statute provides:

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

A removing party must file a notice of removal of a civil action within 30 days of receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). Removal statutes are strictly construed with doubts resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden to prove propriety of removal. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683–685 (9th Cir.2006); *Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.2004) ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). A district court may remand an action to state court for lack of subject matter jurisdiction or a defect in the removal procedure. 28 U.S.C. § 1447(c).

**C.     This Court Does Not Have Subject Matter Jurisdiction over Plaintiff's Claims**

**1.     Federal Question Jurisdiction**

Defendant alleges that removal is proper based on federal question jurisdiction. (Doc. 1.) Defendant argues that federal question jurisdiction exists because the Notice of Occupants to Vacate Premises failed to comply with the Tenants at Foreclosure Act.  12 U.S.C. §5220.  (Doc. 1, ¶8.) Defendant contends that federal question jurisdiction exists because Plaintiff's right to recovery is dependent upon Defendant's rights under federal law.  (Doc. 1, ¶10.)

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint."

2

*Catepillar*, 482 U.S. at 392. To invoke federal question jurisdiction, a complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008).

The complaint states a single cause of action for unlawful detainer. Doc. 1, p. 5.[1] Claims for unlawful detainer arise under state law, not federal law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D.Cal.2011) ("Unlawful detainer actions are strictly the province of state court"); *Deutsche Bank Nat'l Trust Co. v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at * 2 (C.D.Cal.2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). Accordingly, the Court does not have subject matter jurisdiction because the complaint does not contain a federal question.

Defendant's position is that he raises a federal question. His challenge to the complaint is that the notice was inadequate and that the Plaintiff lacks capacity to sue. (See Doc. 1, Demurrer, p.15.) However, any purported federal law defense or counterclaim is insufficient to confer jurisdiction over Plaintiff's unlawful detainer action. *Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1075 (9th Cir.2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). Thus, Defendant fails to invoke federal question jurisdiction despite his argument that he is challenging the notice pursuant to federal statutes.

## 2. Diversity Jurisdiction

Federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 553, 125 S.Ct. 2611,

---

[1] A complaint for unlawful detainer is a very specific action. See Cal.Civ.Proc.Code § 1161 a. It exists to provide a landlord with a remedy of a speedy eviction. *Childs v. Eltinge*, 29 Cal.App.3d 843, 853, 105 Cal.Rptr. 864 (Cal.Ct.App.1973) (affirming that "the very purpose of this statutory, summary procedure, [is] to afford an expeditious and adequate remedy for obtaining possession of premises wrongfully withheld by tenants"). A defendant generally may not challenge the plaintiff's title as a defense to the unlawful detainer action. Code of Civil Procedure section 1161a.

162 L.Ed.2d 502 (2005). In an unlawful detainer action, "the right to possession alone [is] involved- not title to the property." *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10–05478 PJH, 2011 WL 204322, at *2 (N.D.Cal. Jan. 21, 2011).

Here, Plaintiff does not claim damages in excess of the jurisdictional amount. The Complaint for Unlawful Detainer does not request monetary damages, and the relief requested is limited to restitution of the property. Doc. 1, p. 7. As Plaintiff does not claim damages in excess of $75,000, Defendant has the burden of showing that more than $75,000 is in controversy. *Sanchez v. Monumental Life Ins.,* 102 F.3d 398, 403 (9th Cir. 1996) (A defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.")

Here, the amount in controversy does not exceed $75,000. In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and plaintiff may collect only damages that are incident to that unlawful possession. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322, at *2 (*quoting Evans v. Super. Ct*., 67 Cal.App.3d 162, 170 (1977)). The unlawful detainer complaint does not seek anywhere near $75,000. Thus, the amount in controversy fails to establish diversity jurisdiction.

**RECOMMENDATIONS AND ORDER**

For the reasons discussed above, this Court lacks subject matter jurisdiction over this action, and Defendant has failed to show that removal is proper. Accordingly, this Court RECOMMENDS this case be REMANDED to the Tulare County Superior Court, Visalia Division.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document

///
///
///
///
///

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 5, 2015**          /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE